IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOUNG SIK LEE,  Civil No. 06-856-CL

    Petitioner,  REPORT AND RECOMMENDATION

v.

GUY HALL, Superintendent, Two
Rivers Correctional Institution,

    Respondent.

CLARKE, Magistrate Judge:

    Petitioner Joung Sik Lee brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In his amended petition for habeas corpus relief (#24), petitioner raises one claim for relief implicating the Sixth Amendment right to effective assistance of counsel. For the reasons advanced below, the Court concludes that petitioner has not shown that he is entitled to federal habeas corpus relief, and recommends that petitioner's amended petition be denied and this case be dismissed.

## I. BACKGROUND

    Following a jury trial in Washington County Circuit Court, Case No. C011846CR

Report and Recommendation - 1

petitioner was convicted of murder. Petitioner was sentenced to life imprisonment, for a minimum of twenty-five years without possibility of parole. (Ex. 101.)

Petitioner directly appealed his conviction to the Oregon Court of Appeals. The Oregon Court of Appeals affirmed from the bench, State v. Lee, 189 Or. App. 336 (2003), and the Oregon Supreme Court denied review, State v. Lee, 336 Or. 146 (2003). (Exs. 109-113.)

Petitioner filed a petition for post-conviction relief in Umatilla County Circuit Court, CV 04-0522. (Ex. 114.) The post-conviction court denied relief. (Ex. 124.) Petitioner appealed the denial of post-conviction relief to the Oregon Court of Appeals, but the Court of Appeals affirmed without opinion, Lee v. Hall, 203 Or. App. 322 (2005). (Exs. 125-26, 129.) The Oregon Supreme Court denied review, Lee v. Hall, 340 Or. 201 (2006). (Exs. 127-28.)

## II. DISCUSSION

In his amended petition for habeas corpus relief, petitioner raises the following claim for relief:

> A. Petitioner was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution due to his trial counsel's failure to object or to seek any curative measures to address the prosecutor's improper and inflammatory comments about the right of the victim to justice.

(Am. Pet. at 2.)

**Procedural Default**

Respondent contends that petitioner has procedurally defaulted his ground for habeas corpus relief.

The requirement that state remedies be exhausted is satisfied when the petitioner has

Report and Recommendation - 2

fairly presented the substance of the federal claim to the state courts. This means that the state court must be provided with "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citations omitted). A habeas petitioner's claim has been exhausted if the claim has been fairly presented to the highest state court with jurisdiction to consider the claim, and no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989). The failure to present a claim which would be procedurally barred in state court fulfills the technical requirement of exhaustion of state remedies. Coleman, 501 U.S. at 732, 735 n.1.

A federal court will not consider a claim that has been procedurally defaulted unless petitioner shows both "cause" and "prejudice" for the default, or demonstrates that the failure to consider the claim will result in a fundamental miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); Coleman, 501 U.S. at 749. "Cause" is a legitimate excuse for the default due to something external to the prisoner. Coleman, 501 U.S. at 753. One way that a petitioner may establish cause is by showing that "the factual or legal basis for a claim was not reasonably available to counsel." Murray v. Carrier, 477 U.S. 478, 488 (1984); McKlesky v. Zant, 499 U.S. 467, 497 (1991). "Prejudice" is "actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

In his formal petition for post-conviction relief filed by counsel, petitioner alleged generally that his sentence and/or judgment were illegal because, "Trial Counsel failed to insure

Report and Recommendation - 3

that Petitioner received a fair and impartial trial and sentencing." (Ex. 114 at 3.) He alleged specifically, in pertinent part, that, "Trial counsel failed to properly object to the court's abuse of discretion that did not properly sanction or correct prosecutorial misconduct that prejudiced the jury." (Ex. 114 at 4.) Petitioner submitted, pro se, "Memorandums in Support of Petition for Post Conviction Relief" as the only exhibit in support of his petition. (Exs. 115, 116, 123 at 6.) Respondent filed a trial memorandum, (Ex. 117), and exhibits, which included, in part, the trial transcript; the affidavit of petitioner's trial counsel; and a transcript of petitioner's deposition, (Ex. 118).

Respondent contends that petitioner's post-conviction petition was vague and petitioner did not include any reference in his petition to the allegedly improper statements, and that petitioner did not direct the court to the statements in his written briefing, at his post-conviction deposition, or at trial. Petitioner contends that he preserved his federal issue by raising the issue of prosecutorial misconduct in his post-conviction petition and in his pro se brief in support. He asserts that the only prosecutorial misconduct apparent in the trial transcript was the speech made by the prosecutor in closing argument, and that his pro se briefing should be construed liberally.

The post-conviction petition does not refer to the closing argument made by the prosecutor at trial. Petitioner's pro se memoranda included a section entitled, "Ineffective Assistance of Counsel in Criminal Case," and other sections addressing specific issues including, "Prosecutor Misconduct in This Case Requires Reversal." (Ex. 116.) Petitioner contends in his memorandum in support of amended petition for writ of habeas corpus that, in his post-conviction memorandum, "He argued that it was an abuse of discretion for a trial court to deny a motion for mistrial when the effect of a prosecutor's remark is to deny a defendant a fair trial."

Report and Recommendation - 4

(Pet'r Mem. at 3.) A review of petitioner's memorandum shows that petitioner does not refer to the prosecutor's closing argument or the statements made. The Court concludes that neither petitioner's post-conviction petition nor his memorandum fairly presented the issue he now raises in this federal habeas corpus proceeding. It is not enough that all the facts necessary to support a claim were before the state court and, therefore, the fact that the trial transcript, which included the prosecutor's closing argument, was before the post-conviction court is not sufficient to present the issue to the court. See Anderson, 459 U.S. at 6.

Nor did petitioner direct the post-conviction court to the prosecutor's statements he now objects to in his deposition or at trial. In his deposition taken in the post-conviction proceeding, in response to questions posed by respondent's counsel whether petitioner was dissatisfied with his trial attorney, petitioner stated he had one dissatisfaction, which related to the DA making a case that petitioner had intended to kill his wife, "And so that's the dissatisfaction that I have, him not presenting it, that I had no intention of acting that way." (Ex. 122 at 8-9.) Later, petitioner agreed that his attorney "put on a strong case that because you were so intoxicated that the death happened without your intent, right?" (Ex. 122 at 14-15.) Petitioner further stated in response to the question, "So given all of that, Mr. Lee, in all honesty, wouldn't you agree that [trial counsel] did the best job he could?" that, "I do think that he did his very best. But even now I do not think that I had intentionally killed my wife. It was an accident." (Ex. 122 at 15.) It seems clear from a review of plaintiff's deposition testimony that the focus of petitioner's statements was that he "just wanted to make it known that I did not intentionally kill my wife." (Ex. 122 at 9.) He stated that someone in the jail told him that he could do so by filing a petition. (Ex. 122 at 9.)

At the post-conviction trial, petitioner agreed that his deposition would be his testimony.

Report and Recommendation - 5

(Ex. 123 at 7, 10.) His post-conviction attorney stated at trial: "If you read the Attorney General's memorandum and my client's deposition, the Court will clearly see that Mr. Lee . . . was not unhappy with his trial lawyer." In response, petitioner testified: "Yes, I do not have any–any problem with my attorney, previous attorney." (Ex. 123 at 11.) Petitioner again told the court–by his testimony and through his attorney--that, "The only thing that matters is that I did not intentionally kill my wife. And that's the main point I'd like to let the judge know." (Ex. 123 at 11-12, 13.) The post-conviction trial judge concluded that petitioner failed to prove all allegations, "those that can be determined in the petition," and, therefore, indicated he would enter judgment for respondent. He further stated that petitioner's attorney "acted competently." (Ex. 123 at 14.)

On this record, the Court concludes that the issue whether petitioner's trial counsel was allegedly ineffective by failing to object or seek a curative measure to address the prosecutor's statements made in closing argument was not fairly presented to the post-conviction trial court.

Under ORS 138.550, relating to post-conviction relief, any grounds not asserted in the original or amended petition are deemed waived. See Bowen v. Johnson, 166 Or. App. 89, 92-93 (2000). The Oregon Court of Appeals will not consider an assignment of error unless it was preserved in the lower court. ORAP 5.45; State v. Wyatt, 331 Or. 335, 343-47 (2000) (and cases cited). "One of the policies underlying ORAP 5.45's rule of preservation is to ensure that trial courts have the opportunity to rule on a particular question or issue, thereby potentially obviating the necessity of an appeal and the accompanying use of judicial resources." Miller v. C.C. Meisel Co., 183 Or. App. 148, 172 (2002). The Oregon Supreme Court may only consider questions which were "properly before" the Court of Appeals. ORAP 9.20(2); State v. Castrejon,

Report and Recommendation - 6

317 Or. 202, 208-12 (1993). The Ninth Circuit has determined that, "'the prisoner must "fairly present" his claim in each appropriate state court.'" Galvan v. Alaska Dept. of Corr., 397 F.3d 1198, 1204 (9th Cir. 2005). Thus, even if petitioner raised an ineffective assistance claim based on counsel's alleged failure to object or seek curative measure to the prosecutor's allegedly improper comments made in closing argument as a ground for relief in the Oregon Court of Appeals, and in his petition for review to the Oregon Supreme Court,[1] the issue was not properly before the appellate courts and, thus, was presented in a procedural context in which its merits could not be reviewed. See Castille, 489 U.S. at 351-52. Accordingly, the Court finds that petitioner has procedurally defaulted his claim of ineffective assistance of counsel based on a failure to object or seek any curative measures to address the prosecutor's allegedly improper and inflammatory comments about the right of the victim to justice, raised in his amended petition for federal habeas corpus review.

Petitioner may no longer seek relief on the defaulted claim in the state courts. Petitioner offers no reason why the claim was not timely raised in the state court. See Coleman, 501 U.S. at 749. The Court finds that petitioner has procedurally defaulted, without excuse, the claim alleged in his amended habeas petition. Habeas corpus relief should be denied based upon procedural default.

**Merits of petitioner's claim**

Alternatively, even if it can be said that petitioner has preserved his claim of ineffective assistance of counsel for federal habeas corpus review, his claim fails on the merits.

---

[1] It appears that petitioner raised the ineffective assistance of counsel claim at issue in his appeal to the Oregon Court of Appeals, (Ex. 125), and in his petition for review in the Oregon Supreme Court, (Ex. 127).

Report and Recommendation - 7

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or the state court decides a case differently than the Supreme Court on a set of facts that are materially indistinguishable. Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Powell v. Galaza, 328 F.3d 558, 563 (9th Cir. 2003) (quoting Early v. Packer, 537 U.S. 3 (2002)).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal principle, but unreasonably applies the principle to the facts of the case, or unreasonably extends, or refuses to extend, the governing legal principle. Williams, 529 U.S. at 407-09, 412; Wiggins v. Smith, 539 U.S. 510, 520 (2003); Clark, 331 F.3d at 1067. A federal habeas court may not overturn a state decision even when it concludes that the state applied clearly established federal law erroneously or

incorrectly; instead, the state court's application of federal law must be "objectively unreasonable." Williams, 529 U.S. at 409-10, 412-13; Lockyer, 538 U.S. at 75, 76; Clark, 331 F.3d. at 1067-68.

In addition, any factual determinations made by the state courts are presumed to be correct, unless petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). "A state court decision 'based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) (quoting Miller-El, 537 U.S. at 340).

The federal habeas court looks to the last reasoned state court decision as the basis of the state court's judgment. Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). When the state court does not give reasoning for its decision, the habeas court must conduct an independent review of the complete record and applicable law. Such independent review is not de novo review, but is the only means for the court to determine whether the state court's decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 & n.3 (9th Cir. 2003); Greene v. Lambert, 288 F.3d 1081, 1088-89 (9th Cir. 2002).

Petitioner contends that the post-conviction court's decision is owed no deference because it involved an unreasonable application of clearly established Supreme Court precedent as established in Strickland v. Washington, 466 U.S. 668 (1984). He contends that his trial counsel was ineffective because he failed to object to prosecutorial misconduct when the prosecutor made, in part, the following closing argument:

Report and Recommendation - 9

> "But justice is not just for defendants charged with crimes. Justice is for people like Mrs. Lee. She's entitled to a fair hearing of her case, even though she's not here to represent herself. She's entitled to common sense and reason. She's entitled to 12 citizens to listen to the facts and make a fair and impartial decision about what happened, and hopefully a just and right decision. And justice is for the community as well, to make sure that the standards that are imposed and created in our laws are followed and carried out."

(Pet'r Mem. at 2, quoting Ex. 107 at 413-14.) Respondent contends that the state court's decision is entitled to deference and the decision complied with Strickland.

The clearly established federal law governing ineffective assistance of counsel claims at the time the state court made its decision was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). McClure v. Thompson, 323 F.3d 1233, 1241 (9th Cir. 2003); Shackleford, 234 F.3d at 1079-80 (and cases cited). Under clearly established Supreme Court law, to prevail on a claim of ineffective assistance of counsel, petitioner must satisfy a two-part test: petitioner must show both that trial counsel's performance fell outside the wide range of reasonable professional assistance, and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. A petitioner must identify the acts or omissions of counsel that petitioner alleges were not the result of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance. Id. The reasonableness of counsel's performance must be judged on the facts of the particular case and viewed at the time of counsel's conduct. Id.

If counsel's performance is found to be deficient, any deficiencies must be prejudicial to the defense in order to constitute ineffective assistance of counsel. Id. at 691. Petitioner must

affirmatively demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court need not address both components of the ineffective assistance of counsel inquiry if petitioner's showing on one component is insufficient. Id. at 697. In particular, the court may dispose of an ineffectiveness claim on the ground of lack of prejudice alone. Id. The ultimate focus of the inquiry for the court is, "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696.

Here, petitioner cited to Strickland in his memorandum in support of his post-conviction petition in discussing the federal interpretation of ineffective assistance of counsel. (Ex. 116.) Following the close of testimony and closing argument in the post-conviction trial, the trial judge stated: "The issue before me is whether the attorney that represented Mr. Lee acted in a professional manner, did not do or failed to do what a reasonably competent attorney would do. That is the only issue before me." He made the following finding in open court: "I must find that the petitioner has failed to prove all allegations, those that can be determined in the petition, and I will enter a judgment for the defendant." In explanation, the judge stated that he was denying the post-conviction petition: "I am saying that his attorney acted competently." (Ex. 123 at 14.) The post-conviction entered a General Judgment, which stated that the petition for post-conviction relief was denied "based upon the following findings and conclusions: A. Petitioner failed to prove all allegations of Petition." The Judgment also stated that the matter involved both federal and state constitutional issues, and that all questions were presented and decided. (Ex. 124.)

Report and Recommendation - 11

Having reviewed the challenged statements of the prosecutor in context in the argument made, on this record, the Court cannot conclude that the post-conviction court's application of Strickland to determine that petitioner had not proven his allegations of ineffective assistance of his trial counsel was objectively unreasonable in the circumstances.

First, it is not at all clear that the prosecutor's statements challenged by petitioner constituted misconduct. See Washington v. Hofbauer, 228 F.3d 689, 699 (6th Cir. 2000) (before assessing whether trial counsel was ineffective for failing to object to prosecutor's actions, court must determine first whether prosecutor committed misconduct) (and cases cited). Petitioner contends that the prosecutor mischaracterized the nature of the criminal justice system and appealed to the emotions of the jury and the statements, therefore, were objectionable. However, the cases he cites in support are distinguishable.

In Viereck v. United States, 318 U.S. 236, 247-48 (1943), which concerned whether defendant violated the Foreign Agents Registration Act by not providing certain information and whether the Act imposed penal sanctions, the Supreme Court determined that the prosecutor appealed to passion and prejudice which was found to be so highly prejudicial that the trial court should have interrupted the prosecutor without waiting for an objection. There, in closing, the prosecutor referred to the war ("This is war, harsh, cruel, murderous war") and argued, in part, that there were people at that very moment plotting the jurors' deaths and that of their families and the American people were relying on the jury for protection, and called on the jury to perform their duty. Id. at 247 n.3. There was no such blatant appeal in the statements here challenged by petitioner.

The Tenth Circuit in Bland v. Sirmons, 459 F.3d 999, 1027-28 (10th Cir. 2006), cert.

denied, ___ U.S. ___, 127 S. Ct. 2117 (2007), a death penalty case, determined that the prosecutor's statements comparing the plight of the victim with the life of the defendant in prison constituted misconduct and was inappropriate because it made light of the penalty of life in prison to demonstrate that the only proper punishment was death. The Bland court, however, held that the improper comments did not affect the outcome of the trial in the circumstances, and that the state court's finding that the error was harmless was not contrary to, and was not an unreasonable application of, clearly established federal law. Id. at 1028, 1032-33. In addition, the Bland court held that the prosecutor's statements which petitioner there argued evoked sympathy for the victim were not intended to do so. There, the prosecutor argued:

> "Ladies and gentleman, on November the 14th, 1996, Jimmy Bland wrote the ending to the story of Windle Rain's life. And today you have the change to write the end of the story of Windle's death. Does Windle's murderer go free? Does he get off with a lesser charge because no one's here to speak for Windle as to what happened? You have the power to decide how the story of Windle's life and death will end."

Id. at 1027. The court determined that these remarks were based on the jury's obligation to consider the evidence and render a verdict. Id. The same could be said in this case. The prosecutor remarked that Mrs. Lee was entitled to a fair hearing of her case although she was not present, followed by remarks that she was entitled to a fair and impartial decision. The prosecutor followed these remarks with a discussion of the evidence. (See Ex. 107 at 414-20.) It is noteworthy that, in considering whether trial counsel in Bland was ineffective for failing to object to statements evoking sympathy for the victim, the court found that the statements did not constitute error for which an objection would have been sustained, and noted that the state court had rejected that claim, finding that objection would not have affected the outcome of the trial.

Report and Recommendation - 13

Bland, 459 F.3d at 1032.

Petitioner cites Washington, 228 F.3d 689, as a case where the court found that trial counsel's failure to object to the prosecutor's speech constituted ineffective assistance of counsel. There, the Sixth Circuit determined that trial counsel's failure to object to certain plainly inappropriate statements by the prosecutor violated Strickland, that the trial court's application of Strickland was incorrect but also objectively unreasonable, and that counsel's failures to object prejudiced defendant. Id. at 702, 703, 705-07, 707-08. However, in that case, the prosecutor improperly emphasized defendant's bad character and misrepresented the facts in evidence in a close case. No such similar statements are alleged here.

Even if the prosecutor's statements constituted misconduct, the comments, taken in context, where the prosecutor asked the jury to base its verdict on the evidence presented, cannot be said to have resulted in an unfair trial. See Darden v. Wainwright, 477 U.S. 168, 181 (1986).

As to Strickland's second prong, even if the prosecutor's closing statements might have warranted an objection by defense counsel, petitioner does not demonstrate that there is a reasonable probability that an objection to the remarks would have affected the outcome of the trial in the circumstances. Here, the issue was whether petitioner intentionally killed his wife. The evidence presented was that petitioner made statements that he killed his wife. Further, the pathologist offered evidence that Mrs. Lee sustained seven stab wounds, four of which penetrated her body resulting in exit wounds in her back; and that stab wounds went through the ribs into the heart and the membrane surrounding the heart, and others entered the abdominal cavity.

On this record, the state court's decision was not an unreasonable application of Supreme Court law so as to warrant habeas relief. Petitioner is not entitled to relief on his claim that he

Report and Recommendation - 14

was denied effective assistance of counsel because counsel failed to object to improper closing argument by the prosecutor.

**Conclusion**

Habeas corpus relief should be denied based upon procedural default. Alternatively, relief should be denied because petitioner's claim fails on its merits. Because petitioner's claims can be resolved on the record before the Court, his request for an evidentiary hearing is denied. See Bannister v. Delo, 100 F.3d 610, 616-17 (8th Cir. 1996).

## III. RECOMMENDATION

Based upon the foregoing, it is recommended that petitioner's amended petition for writ of habeas corpus be denied and this case be dismissed; and that judgment be entered denying the amended petition for writ of habeas corpus and dismissing this case with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on April 17, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//

//

Report and Recommendation - 15

DATED this ____ day of April, 2008.

UNITED STATES MAGISTRATE JUDGE